**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN WATERLOO DIVISION**

JUSTIN COLE,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C 09-2062-MWB
(No. CR 06-2046-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S SECTION 2255
MOTION**

———————————

**TABLE OF CONTENTS**

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    A. Petitioner's Criminal Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . 2
    B. Petitioner's § 2255 Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II. PRELIMINARY MATTERS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III. LEGAL ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    A. Standards For Relief Pursuant To § 2255 . . . . . . . . . . . . . . . . . . . . 7
    B. Ineffective Assistance Of Counsel . . . . . . . . . . . . . . . . . . . . . . . . 9
        1.    Applicable standards . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        2.    Failure to file a motion to suppress . . . . . . . . . . . . . . . . . 12
        3.    Failure to call material witness . . . . . . . . . . . . . . . . . . . 15
        4.    Failure to conduct proper pretrial discovery . . . . . . . . . . . 19
    C. Certificate Of Appealability . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

# I. INTRODUCTION

This case is before the court on petitioner Justin Cole's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1), filed on December 11, 2009, as amended by counsel on April 2, 2010. (Civ. docket no. 6). Cole claims that the attorney who represented him at the trial level provided him with ineffective assistance of counsel in several ways. The respondent denies that Cole is entitled to any relief on his claims.

## A. *Petitioner's Criminal Proceedings*

On August 7, 2006, Cole was charged by a two-count Indictment (Crim. docket no. 1), with possession with intent to distribute approximately 47.58 grams of a mixture or substance containing a detectable amount of cocaine base, within 1,000 feet of a school, after having been previously convicted of one or more felony offenses and with knowingly and intentionally possessing marijuana on or about May 2, 2006, after having previously been convicted of drug offenses. Cole appeared before United States Magistrate Judge John A. Jarvey on October 30, 2006, and pleaded not guilty to all counts of the Indictment. *See* Crim. docket no. 9.

On December 19, 2006, the government filed a Superseding Indictment (Crim. docket no. 20), adding as Count three a charge of knowingly opening, maintaining, managing, controlling, and making available for use a building, room, and enclosure, for the purpose of unlawfully storing, distributing, and using a controlled substance, including cocaine base. Cole appeared before Judge Jarvey on December 28, 2006, and pleaded not guilty to all counts of the Superseding Indictment. *See* Crim. docket no. 27.

Cole, by and through counsel, filed a Motion in Limine (Crim. docket no. 32), on April 1, 2007, seeking exclusion of evidence of prior convictions and testimony about

other alleged drug-related activities, pursuant to Rule 404(b) of the Federal Rules of Evidence. On April 5, 2007, the government filed a Motion in Limine (Crim. docket no. 33) seeking an order excluding alleged hearsay statements of Maurice Robinson. On April 5, 2007, the government also filed, as part of its response, its own Motion In Compliance With Federal Rule of Evidence 104(a) Regarding Government's Request For Pre-Trial Ruling On Admissibility Of Evidence (Crim. docket no. 34; stricken and refiled on April 13, 2007 as docket no. 42), in which the government sought leave to present evidence of the same prior convictions and alleged drug activities as Cole sought to exclude, as well as other evidence of similar conduct. Cole resisted the government's first two evidentiary motions on April 14, 2007. *See* Crim. docket nos. 44 & 45. On April 23, 2007, the government filed its third evidentiary motion (Crim. docket no. 49), seeking an order excluding evidence or legal argument that the cocaine base that was to be introduced at trial was not "crack cocaine". Cole resisted the government's third evidentiary motion on April 24, 2007 (Crim. docket no. 50).

On April 30, 2007, the undersigned entered a Memorandum Opinion And Order Regarding The Parties' Motions In Limine And the Government's Rule 104(a) Motion For Ruling On Admissibility Of Evidence (Crim. docket no. 57), resolving all of the pending evidentiary motions. This court granted Cole's motion to the extent of excluding evidence from Cole's parole officer concerning his urinalysis, but otherwise denied the motion. *See* Crim. docket no. 57. The court denied the government's motion pursuant to Federal Rule of Evidence 104(a) as to evidence from Cole's parole officer, but otherwise granted it. *See* Crim. docket no. 57. The court denied the government's Motion In Limine Regarding Alleged Statements Against Interest without prejudice, in order to allow challenges to the evidence in question during trial. *See* Crim. docket no. 57. The court also denied the government's Motion In Limine seeking exclusion of evidence or legal argument that the

"cocaine base" that would be introduced at trial was not "crack cocaine." *See* Crim. docket no. 57).

A jury trial commenced on May 7, 2007, on all three counts of the Superseding Indictment. *See* Crim. docket no. 69. On May 8, 2007, the jury returned a guilty verdict against Cole on Counts one and two of the Superseding Indictment, but found him not guilty on Count three. *See* Crim. docket no. 77.

Through counsel, Cole filed a Motion For New Trial (Crim. docket no. 79), on May 14, 2007, on the basis that the evidence presented at trial was insufficient to sustain a conviction on either count. The Government filed a Resistance (Crim. docket no. 83) on May 21, 2007. Cole filed a Reply To Response (Crim. docket no. 85) on May 24, 2007. On August 9, 2007, the undersigned entered an Order (Crim. docket no. 94) denying Cole's Renewed Motion For New Trial.

Cole appeared, with counsel, for sentencing on August 24, 2007. *See* Crim. docket no. 97. The court continued sentencing and reserved rulings on the government's motion for an upward departure for under-representation of his criminal history and Cole's motion for variance. *See* Crim. docket no. 97. Cole appeared for the continued sentencing hearing on December 21, 2007. *See* Crim. docket no. 103. After independently reviewing the sentencing factors, the undersigned granted both the government's motion for upward departure and Cole's motion for a downward variance. *(*Sent. Trans. at 5). Cole was sentenced by the undersigned to a period of 210 months of imprisonment. *See* Crim. docket no. 104. The term of imprisonment consisted of 210 months on Count one of the Superseding Indictment, and 36 months on Count two, to be served concurrently. *See* Crim. docket no. 104. In addition to the term of imprisonment, Cole was placed on supervised release for a period of 8 years on Count one of the Superseding Indictment and

1 year on Count two of the Superseding Indictment, to be served concurrently. *See* Crim. docket no. 104.

On December 31, 2007, Cole, by counsel, filed a Notice Of Appeal (Crim. docket no. 107), to the United States Court of Appeals for the Eighth Circuit. Cole alleged that the government failed to prove beyond a reasonable doubt that the substance he possessed was crack cocaine, that the district court abused its discretion in admitting his prior convictions, and that the district court erred in applying a preponderance of the evidence standard at sentencing when determining drug quantity. *See* Crim. docket no. 120. On August 12, 2008, the United States Court of Appeals for the Eighth Circuit entered an Opinion (Crim. docket no. 120) affirming the district court, holding that there had been sufficient evidence for a reasonable juror to find that the substance in question was crack cocaine, that the district court did not abuse its discretion in admitting evidence of Cole's prior convictions for the limited purpose of showing intent and knowledge, and that the district court did not err by finding drug quantity at sentencing based on the preponderance of the evidence. *See* Crim. docket no. 120.

Cole filed a Petition for Writ of Certiorari on November 25, 2008. *See* Crim. docket no. 126. Cole's Petition for Writ of Certiorari was denied on December 16, 2008. *See* Crim. docket no. 127.

### B.  Petitioner's § 2255 Motion

On December 11, 2009, Cole filed this *Pro Se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1) ("Motion"). By counsel, Cole filed an Amended Motion To Vacate, Set Aside Or Correct Sentence and a supporting brief on April 2, 2010. (Civ. docket no. 6). The respondent filed a Resistance To The Amended Motion To Vacate, Set Aside, Or Correct Sentence

(Civ. docket no. 8), on May 3, 2010. Cole, by counsel, filed a Reply Brief (Civ. docket no. 12), on June 1, 2010.

## II. PRELIMINARY MATTERS

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Cole's allegations, if accepted as true, would not entitle him to relief because he can demonstrate no prejudice and, further, that Cole's allegations cannot be accepted as true because they are contradicted by the record.

Some of Cole's claims appear to be procedurally defaulted, in that they were not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). However, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of

counsel." *See Becht*, 403 F.3d at 545. In construing Cole's claims as claims for § 2255 relief, the court will assume, without deciding, that Cole can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial counsel. Therefore, the court will pass on to the merits of Cole's claims for § 2255 relief.

## III. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Cole's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting

*Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

A claim that has been unsuccessfully raised on direct appeal may not be relitigated on a motion to vacate. *Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United*

*States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)). With these standards in mind, the court turns to analysis of Cole's claims for § 2255 relief.

## B. Ineffective Assistance Of Counsel

### 1. Applicable standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of

Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Cole is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland*

10

*v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the

outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2.    *Failure to file a motion to suppress*

Cole asserts that his trial counsel provided ineffective assistance of counsel by failing to file a motion to suppress evidence obtained from a search of Cole's residence arguing that the affidavit used to obtain the search warrant contained material false statements that made the search warrant invalid. (Brief at 3). The respondent argues that trial counsel's performance was not deficient because it would have been futile to file such a motion in Cole's case. (Resistance at 8-9). Respondent asserts that there were no material false statements in the affidavit. (Resistance at 11-12, and at 16).

The Fourth Amendment provides that "no Warrants shall issue, but upon probable case, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *United States v. White*, 356 F.3d 865, 868 (8th Cir. 2004). "A valid warrant 'must be based upon a finding by a neutral and detached judicial officer that there is probable cause to believe that evidence, instrumentalities or fruits of crime, [or] contraband . . . may be found in the place to be searched.'" *United States v. Romo-Corrales*, 592 F.3d 915, 919 (8th Cir. 2010)(quoting *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007). Probable cause is established when there is a fair probability that the object of the search warrant may be found in the

place to be searched. *Id.* Judges "may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant." *United States v. Salamasina,* WL 3062007 (8th Cir. 2010) (citing *United States v. Thompson*, 210 F.3d 855, 860 (8th Cir. 2000). "Whether probable cause . . . has been established is determined by considering the totality of the circumstances, and resolution of the question by an issuing judge 'should be paid great deference by reviewing courts.'" *United States v. McArthur,* 573 F.3d 608, 613 (8th Cir. 2009)(citing *United States v. Grant,* 490 F.3d 627, 631 (8th Cir. 2007), *cert. denied,* 128 S. Ct. 1704.

A search warrant is invalid if: "(1) a law enforcement officer knowingly and intentionally, or with reckless disregard for the truth, included a false statement in the warrant affidavit, and (2) without the false statement, the affidavit would not have established probable cause." *Id.* (quoting *United States v. Neal*, 528 F.3d 1069, 1072 (8th Cir. 2008). When the affidavit is based on information from an informant, the informant's reliability, veracity, and basis of knowledge are relevant to whether the affidavit provided probable cause to support the search. *United States v. Solomon,* 432 F.3d 824, 827 (8th Cir. 2005). The information from a confidential informant is sufficiently reliable if it is corroborated by other evidence, or if the confidential informant has a history of providing reliable information. *United States v. Butler*, 594 F.3d 955, 962 (8th Cir. 2010).

The Application For Search Warrant ("Application"), *See* Resistance, Ex.1, at 4, indicates that "Confidential Source #1" is an individual known by the officer for 10 years and that the informant has supplied information 8 times in the past. With regards to "Confidential Source #2", an Attachment to the Application indicates that the officer had known this individual for 12 years and that this informant had supplied information 50 times in the past, leading to 20 or more arrests. (Resistance, Ex.1, at 5). An Addendum was also included with the Application providing further corroborating information for

each confidential source. (Resistance, Ex.1, at 7-9). The Endorsement Of Search Warrant Application, *See* Resistance, Ex.1, at 6, includes a notation by the issuing judge stating that the "Officer states that informants 1 and 2 are reversed on inf [sic] attachment but not on addendum." Having noted this mistake, and after reviewing the information in the Addendum, the judge went on to find the information from both sources, based on the history and reliability of each source, credible. *See* Resistance, Ex.1, at 6.

Cole has not established that the law enforcement officer who presented the Application "knowingly and intentionally, or with reckless disregard for the truth, included a false statement in the warrant affidavit," thereby rendering it invalid. *See McArthur,* 573 F.3d at 613 (quoting *Neal*, 528 F.3d at 1072. In fact, the Application indicates that the officer involved made it clear to the judge that a mistake had been made in the paperwork supporting the Application. Other than a mistake of misidentification, which was corrected prior to issuance of the search warrant, Cole has not pointed to any "false statement" in the Application. Knowing that this mistake had been made, the issuing judge drew "reasonable inferences from the totality of the circumstances" and determined that probable cause existed to issue a warrant. *See United States v. Salamasina,* 2010 WL 3062007 (8th Cir. 2010) (citing *United States v. Thompson*, 210 F.3d 855, 860 (8th Cir. 2000).

An attorney's performance is not deficient when an attorney fails to perform acts "appearing to be futile or fruitless." *Garrett v. United States*, 78 F.3d 1296, 1303 n.11 (8th Cir 1996)*, cert. denied,* 519 U.S. 956 (1996). Cole has not established that his counsel's performance, in this regard,"'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). Counsel's failure to file a Fourth Amendment motion to suppress amounts to ineffective assistance only if defendant can "demonstrate 'that his Fourth Amendment

claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Williams v. Locke*, 403 F.3d 1022, 1026 (8th Cir. 2005) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)). Cole has not established that the search of his residence was pursuant to an invalid search warrant and, therefore, has not established a meritorious Fourth Amendment claim on these grounds. Cole cannot demonstrate that there is a reasonable probability that the verdict would have been different absent excludable evidence, because none of the evidence he complains of would have been excludable. Cole's claim of ineffective assistance of counsel fails on these grounds.

### 3. Failure to call material witness

Cole next argues that his trial attorney provided him with ineffective assistance by failing to call Maurice Robinson or Marcus Wright. (Brief in Support, at 6). Cole claims that Robinson would have testified that the drugs found in Cole's residence belonged to him and not to Cole. (Brief in Support, at 6). Wright would be expected to testify that Robinson told him that the drugs belonged to Robinson and not to Cole. (Brief in Support, at 6). The respondent asserts that, according to Cole's attorney, the testimony of Marcus Wright would have been inconsistent and would not have overcome a hearsay objection. (Resistance, at 18).

A reasoned decision not to call a witness "is a virtually unchallengeable decision of trial strategy." *Rodela-Aguilar v. United States,* 596 F.3d 457, 464 (8th Cir. 2010). Counsel's decision not to call particular witnesses is presumed to be one of trial strategy "unless clearly shown to be otherwise." *Winfield v. Roper.* 460 F.3d 1026, 1033 (8th Cir. 2006). It was not objectively unreasonable for Cole's attorney to decide that the potential costs of calling the witnesses outweighed the potential benefits. The expectation of inconsistent testimony can provide a reasonable basis for an attorney to decide not to call

witnesses. *See Armstrong v. Kemna*, 590 F.3d 592, 605 (8th Cir. 2010). As to the expected testimony of Marcus Wright, Cole's attorney informed the court that "In investigating this further, I'm concerned that Mr. Wright, if he did appear, would provide at best inconsistent testimony or testimony that would not be sufficient at least to overcome the standard that's required in order to present that kind of hearsay evidence." (Trial Trans. Vol. 2 at 185). The decision to not call Marcus Wright was a strategic decision based on a determination of the value of such testimony to the case. With regards to Maurice Robinson, it is quite likely that he would have taken the fifth amendment with regard to his own involvement with any of the drugs; Cole has not offered any affidavits or sworn statements on behalf of Robinson, to indicate any differently. This court concludes that Cole's attorney did not perform in an objectively unreasonable manner by deciding not to call the two witnesses.

Even if Cole's attorney performed deficiently, and this court does not determine that he did, Cole would still be required to establish that he was prejudiced by such deficient performance. *See Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, Cole must show that after consideration of the full body of evidence, including addition of the proffered testimony of uncalled witnesses, that there is a reasonable probability that the outcome would be different than that at the actual trial. *See McCauley-Bey v. Delo*, 97 F.3d 1104, 1106 (8th Cir. 1996). In conducting this analysis, the court evaluates the credibility of all witnesses, including the likely impeachment of the uncalled defense witnesses; the interplay of the uncalled witnesses with the actual defense witnesses called; and the strength of the evidence actually presented by the prosecution. *Id.*

The government offered the testimony of Kristin Hoelscher, a police officer who assisted in execution of the search warrant of the residence in question. Officer Hoelscher

testified that marijuana was found on a living room coffee table in the vicinity of an electric utility bill for the residence, in Cole's name (Trial Trans. Vol. 1, at 37). Additionally, Officer Hoelscher testified that a scale, baggies, and crack were found in the kitchen area near the vicinity of a paystub to Cole. (Trial Trans. Vol. 1, at 43-48). Officer Hoelscher testified that, at the time the warrant was executed, there were two people in the residence, Maurice Robinson and Cole. (Trial Trans. Vol.1, at 35). The parties stipulated that the residence at which the search warrant was executed was the residence of Cole. (Trial. Trans. Vol. 1, at 55). Montrese Wilson testified that he lived across the street from Cole (Trial Trans. Vol.1, at 81), that he frequented Cole's residence, for the purpose of socializing and using drugs with Cole (Trial Trans. Vol. 1, at 83), that he saw numerous people coming and going from Cole's residence and saw crack being sold by Cole at Cole's residence (Trial Trans. Vol. 1, at 86) and that he saw Cole buy drugs from at least one source (Trial Trans. Vol.1 at 92-93). On cross examination, Wilson stated that he had previously been convicted for possession of crack cocaine with intent to deliver and had entered into a plea agreement, agreeing to co-operate with the government. (Trial Trans. Vol. 1. at 96). The government also presented the testimony of Officer Jason Feaker, who was present for the execution of the search warrant on Cole's residence and corroborated the testimony of Officer Hoelscher. (Trial Trans. Vol. 1, at 158-167).

The government further produced testimony from Patricia Krahn, a criminalist at the Iowa Division of Criminal Investigation criminalistics laboratory, who examined the controlled substances that were seized in the case (Trial Trans. Vol. 1, at 115), about the amount and types of substances that were seized. (Trial Trans. Vol. 1, at 126-134).

Maurice Moore also testified, as a government witness, that he saw his nephew sell crack to Cole at Moore's residence (Trial Tran., Vol. 1, at 143-144). This testimony was

consistent with the prior testimony from Montrese Wilson that Moore's nephew was a source of drugs for Cole. (Trial Trans. Vol. 1, at 90-91). Moore testified that he was also currently incarcerated on drug charges and had entered into a plea agreement with the government, requiring his co-operation. (Trial. Trans. Vol. 1, at 141-142).

The credibility of the testimony of two government witnesses, Maurice Moore and Montrese Wilson, could be called into question on the basis that they were drug users and had been convicted of drug crimes, however, the testimony of these two witnesses corroborated the other's independent testimony and was consistent with the testimony of the officers.

The defense presented five witnesses, Sandy Kuykendall, Orintheo Campbell, Orenthal Jones, Terence Roby, and Shalla Cole, who were relatives of Cole. Each of these witnesses testified that they never saw any drug activity at Cole's residence, that there were never a lot of people at Cole's residence and that Cole and Montrese Wilson didn't get along. (Trial Trans. Vol 2, 203-275). Two girlfriends of Cole's, Erica Schauf and Andrea McGee, also testified to the effect that they did not see evidence of drug activity at Cole's residence. (Trial Trans. Vol. 2, at 206 & 261). Samuel Landfair, an individual who had been imprisoned with Montrese Wilson, testified that he was aware that Montrese Wilson and Cole did not get along. (Trial Trans. Vol. 2, at 215). The credibility of each of the witnesses, other than Landfair, could be questioned on the basis of their relationships with Cole, and the fact that their testimony was inconsistent with the evidence found by law enforcement officers. Landfair's credibility was questionable, given the circumstances under which he testified he became aware that Montrese Wilson and Cole did not get along. Even if the jury were to believe that Montrese Wilson and Cole did not get along, there was sufficient other reliable consistent and corroborating evidence presented for a reasonable jury to find Cole guilty. The expected testimony of

Marcus Wright and Maurice Robinson, even if one assumes that such testimony would have sufficiently overcome a hearsay objection and Fifth Amendment hurdles, would not have been likely to change the outcome of the trial based on the strength of the prosecution's case compared to the totality of the evidence presented by the defense.

The Eighth Circuit Court of Appeals has consistently held that "...a reasoned decision not to call a witness "is a virtually unchallengeable decision of trial strategy," in part because "there is considerable risk inherent in calling any witness because if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences." *Rodela-Aguilar v. United States,* 596 F.3d 457, 464 (8th Cir. 2010) (citing *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005)). Cole's trial attorney indicated that he employed precisely this sort of cost-benefit analysis. Cole has not established either that his attorney performed deficiently, or that he was prejudiced by the decision not to call Marcus Wright or Maurice Robinson. Therefore, Cole's claim of ineffective assistance, on this ground, also fails.

### 4. *Failure to conduct proper pretrial discovery*

Cole claims that his trial counsel was ineffective for failing to conduct proper pretrial discovery to find another witness, an individual named Andrea LNU, who allegedly heard Maurice Robinson state that the drugs found in Cole's residence were his and not Cole's. (Brief in Support of Amended Motion, at 6). Cole asserts that his trial counsel was made aware of this potential witness based on discussions his trial counsel had with Tasha Pates, another potential witness. (Brief in Support of Amended Motion, at 6). The government argues that Cole has not produced sufficient evidence of the expected testimony of Andrea LNU and that given the strength of the prosecution's case at trial, Cole cannot establish prejudice. (Resistance at 25).

Failing to interview witnesses or discover mitigating evidence relates to trial preparation and not trial strategy. *Kenley v. Armontrout,* 937 F.2d 1298, 1304 (8th Cir. 1991) (citing *Chambers v. Armontrout*, 907 F.2d 825, 828 (8th Cir.) (en banc), *cert. denied,* 498 U.S. 950 (1990)). Counsel's performance may be found ineffective if counsel performs little or no investigation. *Id.* However, "failure to investigate everyone whose name happens to be mentioned by [a] defendant does not suggest ineffective assistance." *Williams v. Armontrout,* 912 F.2d 924, 933 (8th Cir. 1990).

It is clear from the record that Cole's trial counsel engaged in extensive pre-trial investigation and preparation. He called numerous defense witnesses and demonstrated that he was aware of their associations with each other and with the defendant and was aware of their expected testimony. Cole's attorney also demonstrated that he was familiar with the various weaknesses in the expected testimony of potential witnesses. Cole has not established that his trial counsel's decision not to further investigate the potential testimony of either Tasha Pates or Andrea LNU, was deficient.

Additionally, Cole has not established that any alleged deficiency for failing to further investigate these two potential witnesses prejudiced him. Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez,* 423 F.3d at 836; *Davis*, 423 F.3d at 877. To prove prejudice from a trial attorney's failure to investigate potential witnesses, a petitioner must show that the uncalled witnesses would have testified at trial and that their testimony would have probably changed the outcome of the trial. *Stewart v. Nix*, 31 F.3d 741, 744 (8th Cir. 1994).

Based on the strength of the evidence presented by the prosecution, as discussed above, and the fact that there would have been various hearsay hurdles that would need to be overcome for the testimony of Tasha Pates or Andrea LNU to be admissible, this court

20

does not find that Cole can show that the uncalled witnesses would have testified at trial and that their testimony would have probably changed the outcome of the trial. This claim also fails.

### C. Certificate Of Appealability

Denial of Cole's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. Additionally, Cole, by counsel, filed a Motion (Civ. docket no. 53) requesting the issuance of a certificate of appealability for any issue decided adversely to Cole. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> * * *
>
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Cole has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Cole's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Cole does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

## IV. CONCLUSION

Upon the foregoing, Cole's *Pro Se* Motion Under 28 U.S.C. § 2255 (Civ. no. 1), as amended by counsel on April 2, 2010 (Civ. docket no. 6), is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 29th day of December, 2010.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA